10-1066-cv
Richardson v. Hartford Public Library

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of November, two thousand and ten.

PRESENT:

>  JOSÉ A. CABRANES,
>  DENNY CHIN,
>  >  *Circuit Judges*,
>  STEFAN R. UNDERHILL,
>  >  *District Judge.*[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MAXINE RICHARDSON,

>  *Plaintiff-Appellant*,

v.                                                                No. 10-1066-cv

HARTFORD PUBLIC LIBRARY,

>  *Defendant-Appellee.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR APPELLANT:**          Maxine Richardson, *pro se*, Westbrook, CT.

---

[*] The Honorable Stefan R. Underhill of the United States District Court for the District of Connecticut, sitting by designation.

**FOR APPELLEE:** Peter A. Janus, Siegel, O'Connor, O'Donnell & Beck, P.C., Hartford, CT.


Appeal from a February 18, 2010 judgment entered in the United States District Court for the District of Connecticut (Alvin W. Thompson, *Chief Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **VACATED** and the action is **REMANDED** for further proceedings consistent with this order.

Plaintiff-Appellant Maxine Richardson, *pro se*, appeals the District Court's judgment granting the motion of the Hartford Public Library ("HPL") to dismiss her employment discrimination claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's dismissal of a complaint for failure to state a claim under Rule 12(b)(6). *Selevan v. N.Y. Thruway Auth.*, 584 F.3d 82, 88 (2d Cir. 2009). "In conducting this review, we assume all 'well-pleaded factual allegations' to be true, and 'determine whether they plausibly give rise to an entitlement to relief.'" *Id.* (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009)). In addition, "'when [a] plaintiff proceeds *pro se*, . . . a court is obliged to construe [her] pleadings liberally,'" *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) (quoting *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004)), and must interpret them "to raise the strongest arguments that they suggest," *Brownell v. Krom*, 446 F.3d 305, 310 (2d Cir. 2006) (quotation marks omitted).

In May 2009 Richardson filed a complaint against HPL, alleging that she was discriminated against on the basis of her race, color, sex, national origin, and age, in connection with HPL's refusal to hire her as a librarian, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.* Richardson, who identified herself as a 69-year-old Native American female, claimed that she was discriminated against when her employment application was rejected in September 2007.

In October 2009 HPL moved to dismiss Richardson's complaint on the grounds that it was time-barred, and that Richardson's sex, color, and national origin claims were not included in the charges she filed with the Connecticut Commission on Human Rights and Opportunities ("CHRO") and the Equal Employment Opportunity Commission ("EEOC"). In February 2010 the District Court held that Richardson's complaint was indeed time-barred, and thus granted HPL's motion to dismiss; the court did not reach HPL's alternative argument in favor of dismissal.

2

Under Title VII, a plaintiff must file an employment discrimination charge with the EEOC either 180 or 300 days after an "alleged unlawful employment practice occurred." *See* 42 U.S.C. § 2000e-5(e)(1). "In a State that has an entity with the authority to grant or seek relief with respect to the alleged unlawful practice, an employee who initially files a grievance with that agency must file the charge with the EEOC within 300 days of the employment practice; in all other States, the charge must be filed within 180 days." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002). "A claim is time barred if it is not filed within these limits." *Id.* The same rules apply under the ADEA. *See* 29 U.S.C. § 626(d)(1); *Hodge v. N.Y. Coll. of Podiatric Med.*, 157 F.3d 164, 166 (2d Cir. 1998).

Richardson filed her complaint with the CHRO (and, pursuant to a work-sharing agreement between the CHRO and the EEOC, the EEOC as well) on May 29, 2008. HPL argued that under Conn. Gen. Stat. § 46a-82(f), a claimant must file a charge with the CHRO no later than 180 days from the date of the alleged discriminatory act. Accordingly, Richardson's CHRO charge could not encompass any activity that took place prior to December 1, 2007—thus excluding the September 2007 employment decision at the heart of this litigation. HPL's position, which the District Court accepted, was that because Richardson's CHRO charge was untimely, she was not entitled to the 300-day limitations period for her EEOC charge, and was instead subject to the 180-day window.

This conclusion is incorrect. In *EEOC v. Commercial Office Products Co.*, 486 U.S. 107, 123 (1988), the Supreme Court addressed the question of whether, "under Title VII, untimely filing [of a discrimination charge] under state law automatically precludes the application of the extended 300-day federal filing period." The Court held that the 300-day period applies regardless of whether the plaintiff's state law charge was timely, reasoning that a contrary result would "embroil the EEOC in complicated issues of state law." *Id.* at 124. Similarly, in *Goodman v. Heublein, Inc.*, 645 F.2d 127, 132 (2d Cir. 1981), we explicitly rejected the argument that, in states that have a qualifying adjudicatory body under the ADEA, "a late state filing . . . is . . . ineffective to give an ADEA plaintiff the benefit of the 300-day [limitations] period." We thus held that "even an untimely filed state proceeding is 'commenced' within the meaning of [the ADEA] so as to make available the 300-day period." *Id.*

In light of the above authority,[1] the District Court erred in applying the 180-day limitations period, rather than the 300-day limitations period, on the ground that the charge Richardson filed with the CHRO was untimely under Connecticut law. Pursuant to *Commercial Office Products* and *Goodman*, the 300-day limitations period applies where a plaintiff initially files a Title VII or ADEA discrimination charge with a qualifying state agency, regardless of whether that charge was timely under state law. *See Commercial Office Prods.*, 486 U.S. at 124; *Goodman*, 645 F.2d at 132.

Accordingly, the judgment of the District Court is hereby **VACATED** and the action is **REMANDED** for further proceedings consistent with this order.

FOR THE COURT,

Catherine O'Hagan Wolfe, Clerk of Court

---

[1] We note that in her brief before this Court, Richardson clearly challenged the District Court's use of the 180-day limitations period, but did not cite any cases relevant to our disposition today. Rather, Richardson's argument is based on inapplicable assertions related to the doctrine of equitable tolling. We do not hold *pro se* litigants to the formal briefing standards set forth in Rule 28 of the Federal Rules of Appellate Procedure, but arguments raised below but not on appeal are deemed to be abandoned, even with respect to *pro se* litigants. *See Losacco v. City of Middletown*, 71 F.3d 88, 93 (2d Cir. 1995). In this case, because Richardson clearly raised a general challenge to the time-bar determination at issue and HPL identified the relevant cases in a letter to our Clerk of Court explaining that it would not be filing a brief in opposition, we have no doubt that the relevant challenge to the District Court's ruling has been properly preserved.